UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUISE TRAUMA CENTER LLC, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 20-1128 (TNM) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| HOMELAND SECURITY, | ) |
| | ) |
| Defendant. | ) |

**LOUISE TRAUMA CENTER'S MOTION FOR AN
AWARD OF ATTORNEY FEES AND COSTS**

Plaintiff, Louise Trauma Center, [the "Center"], pursuant to Civil Rule 54(d)(2), hereby moves this Court to award it attorney fees and costs of $204,228. In addition, plaintiff requests "fees on fees" of $19,640. As shown in the attached Memorandum, the Center is entitled to this relief.

The Center emailed opposing counsel a draft of this motion on 11/21/22 to determine whether there is any opposition to this motion, but has not yet received any response.

The Center made FOIA requests in 2018 and 2019. The agency released records only after the Complaint was filed. DHS admitted conducting inadequate searches, and released more records only after the Center filed motions. The Center has been waiting for years, and was forced to work hard, to get DHS to respond.

Respectfully submitted,

/s/ *David L. Cleveland*
DAVID L. CLEVELAND
1220 L Street NW #100

1

Washington DC 20005
DC Bar # 424209
[202] 812-8684 1949.david@gmail.com
counsel for Louise Trauma Center LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LOUISE TRAUMA CENTER LLC,                    )
)
Plaintiff                    )
)
v.                    )          Civil Action No. 20-1128 (TNM)
)
UNITED STATES DEPARTMENT OF        )
HOMELAND SECURITY,                    )
)
Defendant.           )

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES**

TABLE OF CONTENTS

BACKGROUND……………………………………………………………6

I. CONGRESS SEEKS TO ENCOURAGE MERITORIOUS
FOIA LITIGATION…………………………………………………… ……9

II, PLAINTIFF IS ELIGIBLE FOR A FEE AWARD………………………11

III. PLAINTIFF IS ENTITLED TO A FEE AWARD………………………11

IV. PLAINTIFF'S' ATTORNEY SPENT A REASONABLE
NUMBER OF HOURS ON THIS CASE……………………………………15

V. THE LSI MATRIX IS BETTER THAN THE FITZPATRICK MATRIX…17

CONCLUSION………………………………………………………..20

CASES AND OTHER AUTHORITIES                              page
  [cases chiefly relied upon are marked with an *]

*American Oversight v. U.S. Department of Justice,*
    375 F. Supp. 3d 50, 70 (D.D.C. 2019) ..........................................................17

*Brown v. Google,* Case No. 20-cv-3664
    (N. D. Cal., ECF #597-1, June 3, 2022)................................................17

*CIA v. Sims*, 471 U.S. 159, 166 (1985).......................................................7

*Citizens for Responsibility and Ethics in Washington v.*
*US Department of Justice,* 45 F. 4th 963 (D.C. Cir.  2022)..................... 7

*Citizens for Resp. & Ethics in Wash. v. DOJ,*
    820 F. Supp. 2d 39 (D.D.C. 2011) ......................................................11

*Covington v. Dist. of Columbia,* 57 F.3d 1101(D.C. Cir. 1995) ..............15

*Cuneo v. Rumsfeld,* 553 F.2d 1360 (D.C. Cir. 1977). ………..........……11

*Davy v. CIA,* 550 F.3d 1155 (D.C. Cir. 2008) ………….................…10,12, 15

*DL v. District of Columbia,* 924 F.3d 585 (D.C.Cir. 2019). ……………......18

*Doe I v. Exxon Mobil Corporation*,
    2022 WL 1124902 (D.D.C., April 14, 2022).......................................17,19

*EPIC v. DHS,* 999 F. Supp. 2d 61 (D.D.C. 2013), ………………….......14,18, 20

*Fields v. Kijakazi*, 24 F.4th 845 (2d Cir. 2022).......................................9

*Gatore v. DHS,* 286 F. Supp. 3d 25 (D.D.C. 2017) …………………….18

*Hensley v. Eckerhart,* 461 U.S. 424 (1983). …………………….......10,16,19

*Hernandez v. U.S. Customs and Border Protection,*
    2012 WL 398328 (E.D. La. 2012)…………………………………14

*Jarno v. DHS,* 365 F. Supp. 2d 733 (E.D. VA 2005),…………………13

*Jud. Watch, Inc. v. DOJ*, 774 F. Supp. 2d 225 (D.D.C. 2011)................16

*Jud. Watch, Inc. v. U.S. Dep't of Just.*,
   878 F. Supp. 2d 225 (D.D.C. 2012)........................................................................19

*Mattachine Soc'y of Wash. v. United States DOJ*,
   406 F. Supp. 3d 64 (D.D.C. 2019),……………………………………………17

*McMichael v. US DOJ*,
   2022 WL 4597885, at *4. (D. Del. Sept. 30, 2022)...............................................13

*Md. Dep't of Human Res. v. Sullivan*,
   738 F. Supp. 555, 563 (D.D.C. 1990)……………………………….........………12

*Moreno v City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)...........................15

*Morley v. CIA*, 810 F.3d 841, 844 (D.C. Cir. 2016) ...................................................12

*National Security Counselors v. CIA*
   811 F.3d 22 (D.C.Cir. 2016)……………………………………...............…10

*Nationwide Bldg. v. Sampson*, 559 F.2d 704 (D.C.Cir.1977) …....................……...10

*Negley v. FBI*, 818 F. Supp. 2d 69 (D.D.C. 2011) .....................................................15

*Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542 (2010)................................................9,19

*Piper v. U.S. Dep't of Justice*, 339 F. Supp. 2d 13 (D.D.C. 2004).  …......................…11

*Price v. United States DOJ*, 865 F.3d 676 (D.C. Cir. 2017) ………........................…..8

 *Raja v. Burns*, 43 F.th 80, 91 (2d Cir. 2002).....................................................11.

*Ray v. CLH New York Ave, LLC*,
   2022 WL 2340708, at *5 (D.D.C., June 29, 2022)...................................................17

*Rodriguez v. County of Los Angeles*, 891 F.3d 77 (9th Cir. 2018) ................................8

*Sheppard v. US Department of Justice*,
   2021 WL 4304218, at *4 (W.D.Mo., Sept. 21, 2021)................................................9

*Sheppard v. US Department of Justice*,
   2022 WL 245480, at *2 (W.D.Mo., Jan. 25, 2022)................................................15,16

*Story of Stuff Project v. United States Forest Service*,
   2022 WL 1521843, (D.D.C. May 13, 2022). .....................................................11,22

*Thomas v. Moreland*, 2022 WL 2671272 (D.D.C.,March 4,  2022)...........................17,18

*True the Vote, Inc. v IRS,* (RBW)
  2020 WL 5656694 (D.D.C. Sept. 23, 2020)................................................................18

*U.F. v. District of Columbia*, 2020 WL 4673418(D.D.C.,Aug. 12, 2020)...................17

*Vollmann v. Department of Justice*,
  2022 WL 1124814, at *5 (D.D.C., April 14, 2022)...................................................12

*Webster v. U.S. Department of Justice*,
  2021 WL 4243414, at *5 (D.D.C., Sept 17, 2021) ...................................................13

*WP Company LLC v. U.S. Small Business Administration*,
  514 F.Supp.3d 267, 276 (D.D.C., 2021). ................................................................18

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES**

BACKGROUND

Louise Trauma Center made FOIA requests in 2018 and in 2019. Only after the

Complaint was filed, did the agency begin to search and deliver documents.

In 2020, DHS delivered:

-210 unredacted pages, concerning Labor Agreements
-109 pages, concerning Count IV
-links to 25 lesson plans, concerning Count IV
-324 more pages

In 2021, DHS delivered: 786 pages in full and 2,139 in part

In 2022, DHS delivered: -206 pages and 44 pages.

DHS filed many motions for extensions of time, and admitted it had conducted

inadequate searches. The Court ruled against DHS several times, and issued several

Orders, setting deadlines for DHS.

For a more detailed Summary of the case, *see* Exhibit A attached hereto.

THE FREEDOM OF INFORMATION ACT CALLS FOR BROAD DISCLOSURE OF
GOVERNMENT RECORDS

FOIA calls for "broad disclosure of Government records." *CIA v. Sims*, 471 U.S.

159, 166 (1985). There are exemptions, but "FOIA's limited exemptions do not obscure

the basic policy that disclosure, not secrecy, is the dominant objective of the Act. The

exemptions are narrowly construed. And the government bears the burden to show that

any records it withholds fit within a statutory exemption." *Citizens for Responsibility and*

*Ethics in Washington v. United States Department of Justice,* 45 F. 4th 963, 967 (D.C. Cir.

2022)(cleaned up).

THE FREEDOM OF INFORMATION ACT VINDICATES SIGNIFICANT RIGHTS

FOIA vindicates significant rights. *Price v. United States DOJ,* 865 F.3d 676, 682 (D.C. Cir. 2017) noted that FOIA "in some cases, is the only vehicle" for keeping prosecutors honest. FOIA results led to the release of a man sentenced to 19.5 years' imprisonment, the vacating the conviction of a man sentenced to sixty years' imprisonment and to the exoneration of two men who had spent decades on death row. *Id.* at 682.

The *New York Times* noted the importance of the Freedom of Information Act in its editorial published on May 12, 2020:

> Ignoring Freedom of Information Act cases during the crisis damages democracy…FOIA requests have yielded insights into the long-running war in Afghanistan, fraud in the Medicare system and Google's potentially monopolistic practices. And they have served the public in more mundane matters, like the placement of red-light cameras or the proceedings of the local permitting board.

A LAWYER WHO TAKES A FOIA CASE ASSUMES MANY RISKS

The lawyer who starts a FOIA case assumes many risks. He might spend hours and hours, over three or four years, and then get nothing. No documents, no fees. Documents he might get after three years will be somewhat stale. They might be of diminished value. Hours and years on the case could be spent on other cases. The agency has the documents, and it has a large team of expert lawyers to defend it. The agency might appeal any decision against it, resulting in further expense and delay to the lawyer. Yet, Congress wants lawyers to take these cases. The Ninth Circuit noted these factors in affirming an attorney fee award under 42 U.S.C. section 1988 in *Rodriguez v. County of Los Angeles,* 891 F.3d 77, 809 (9th Cir. 2018)("the district based its decision on the substantial financial risk that appellee's counsel assumed in investing $3.4 million of

attorney time in a contingency case...all the while facing 'aggressive opposition'... and opportunity costs the years-long litigation in this case required.")

"Lawyers who operate on contingency—even the very best ones—lose a significant number of their cases and receive no compensation when they do. In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."

*Fields v. Kijakazi*, 24 F.4th 845, 855–56 (2d Cir. 2022)(non-FOIA case). Four members of the Supreme Court voted for an enhancement of the lodestar, in a case where plaintiffs' counsel had to wait years, had to take the risk of getting no fees, and had to continue to cover routine overhead expenses, "which typically consume 40% of their fees."*Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 570 (2010) (non-FOIA case)(dissenting opinion)

In *Sheppard v. United States Department of Justice*, 2021 WL 4304218, at *4 (W.D.Mo., Sept. 21, 2021), a FOIA case, the court noted that Mr. Sheppard's attorneys had represented him for three years "for free." The court observed that denying fees would discourage attorneys representing clients pro bono, because most FOIA requesters "cannot afford to fund years of litigation against the Government." Fewer lawsuits allow the government "to escape compliance with the law." *Id.* (quoting S. Rep. No. 93–854, at 17).

## I. CONGRESS SEEKS TO ENCOURAGE MERITORIOUS FOIA LITIGATION

Congress amended the FOIA in 2007. One of the key provisions in the new Act included "expanding access to attorney fees."  153 CONG. REC. H16790 (daily ed. Dec. 18, 2007)(statement of Rep. Clay). The new Act "will also improve transparency" by

"imposing real consequences on federal agencies for missing FOIA's 20-day statutory

deadline." 153 CONG. REC. S15703 (daily ed. Dec. 14, 2007)(statement of Sen. Leahy).

"Congress sought to encourage meritorious FOIA litigation by making any

complainant who substantially prevails eligible to recover reasonable attorney's fees. 5

U.S.C. § 552(a)(4)(E)(i)." *National Security Counselors v. C.I.A.*, 811 F.3d 22, 24 (D.C.

Cir. 2016).  "The purpose of the fee provision is to remove the incentive for

administrative resistance to disclosure requests based not on the merits of exemption

claims, but on the knowledge that many FOIA plaintiffs do not have the financial

resources or economic incentives to pursue their requests through expensive litigation."

*Nationwide Bldg. v. Sampson,* 559 F.2d 704, 711 (D.C.Cir.1977).

A "grudging application" of this fee provision would be clearly contrary to

congressional intent." *Davy v. CIA,* 550 F.3d 1155, 1158 (D.C. Circuit 2008) (citations

and quotations omitted).

Congress requires agencies to respond in 20 *days,* not weeks, not months. The

agency in this case has not provided any justification or reason for its inactivity before

the complaint was filed. This is a factor showing "unreasonableness," which is an

element concerning the award of attorney  fees. *Davy v. CIA*, 550 F.3d 1155, 1163 (D.C.

Cir. 2008)(explaining that it is the agency's burden to "'show[] that it had a[] colorable or

reasonable basis for not disclosing the material until after [the plaintiff] filed suit.'"). In

conducting its reasonableness analysis, the court "should always keep in mind the basic

policy of the FOIA to encourage the maximum feasible public access to government

information and the fundamental purpose of section 552(a)(4)(E) to facilitate citizen

access to the courts to vindicate their statutory rights." *Nationwide Bldg. Maint., Inc. v.*

*Sampson*, 559 F.2d 704, 715 (D.C. Cir. 1977)." *Story of Stuff Project v. United States Forest Service*, 2022 WL 1521843, at *1 (D.D.C. May 13, 2022).

Where a plaintiff obtains meaningful relief, enforcing federal law, carrying out the intent of Congress, there is a benefit to the public as a whole. Under these circumstances, "robust compensation is called for." *Raja v. Burns,* 43 F.th 80, 91 (2d Cir. 2002 (non-FOIA case).

## II. PLAINTIFF IS ELIGIBLE FOR A FEE AWARD BECAUSE IT HAS SUBSTANTIALLY PREVAILED

In a FOIA lawsuit, "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552 (a)(4)(E)(i).

A requester "substantially prevails" if a court adopts a scheduling order that requires the agency to complete processing by a specified date. *Citizens for Resp. & Ethics in Wash. v. DOJ*, 820 F. Supp. 2d 39, 47 (D.D.C. 2011) (finding plaintiff eligible for fees because of order specifying production of documents by specific date).

Plaintiff  has done much more than merely getting a scheduling order. The Court has entered Orders against DHS.  The DHS then released documents.

## III. PLAINTIFF IS ENTITLED TO A FEE AWARD

"The court should consider [four factors] in determining the appropriateness of an award of costs and attorney fees." *Cuneo v. Rumsfeld,* 553 F.2d 1360, 1365 (D.C. Cir. 1977).  The four factors are: 1) the benefit to the public; 2) the commercial benefit of the complainant; 3) the nature of the complainant's interest in the records sought, and 4) "whether the government's withholding of the records sought had a reasonable basis in law."  "None of these factors are dispositive."  *Piper v. U.S. Dep't of Justice,* 339 F. Supp.

2d 13, 20 (D.D.C. 2004).  Entitlement "is at the discretion of the district court." *Md.*

*Dep't of Human Res. v. Sullivan,* 738 F. Supp. 555, 563 (D.D.C. 1990).

Plaintiff has prevailed on all four of the factors.

### A.  *Before the lawsuit was filed, there was a decent chance of yielding a public benefit*

Plaintiff requested documents concerning asylum officers and their

training. Congress and the public are intensely concerned with the asylum process.

Before the lawsuit was filed, there was a very good chance that the documents would be

of great interest to many persons.

The D.C. Circuit has stated that "the public-benefit factor requires an ex ante

assessment of the potential public value of the information requested, with little or no

regard to whether any documents supplied prove to advance the public interest." In other

words, "if it's plausible ex ante that a request has a decent chance of yielding a public

benefit, the public-benefit analysis ends there."*Morley v. CIA*, 810 F.3d 841, 844 (D.C.

Cir. 2016). In other words, if the request has "a modest probability of generating useful

new information about a matter of public concern," the factor is satisfied. *Id.*

The requester does not know what documents the government has, nor what is in

them. The requester should not have "to bear the risk that the revealed documents might

ultimately be boring." *Davy v. CIA,* 550 F.3d 1155, 114 (Judge Tatel,concurring)

(D.C.Cir. 2008). *Accord: Vollmann v. Department of Justice*, 2022 WL 1124814, at *5

(D.D.C., April 14, 2022)("Vollmann need not prove that the documents he received after

2013 <u>actually</u> advanced the public interest; rather, the Court must consider the 'potential

public value' of the information sought )(emphasis added).

Mr. Oglesby sought information from the CIA and the FBI to help write an autobiographical memoir of the 1960s antiwar movement. The Court found that request to have had "a modest probability of generating useful new information." *Webster v. U.S. Department of Justice*, 2021 WL 4243414, at *5 (D.D.C., Sept 17, 2021) If a request concerning events over 50 years ago "has a modest probability," then the requests in this case, about a current subject of intense interest (asylum), also have at least "a modest probability."

During World War II, some Americans stole jewels in Germany. Mr. McMichael made a FOIA request concerning those jewels. The agency argued that a theft nearly 80 years ago would not generate "the kind of information the public would want and need in order to make vital political choices. " *McMichael v. US DOJ,* 2022 WL 4597885, at *4. (D. Del. Sept. 30, 2022). The court disagreed, and awarded fees of $58,000.

Louise Trauma Center posts documents on a regular basis on its website. Its lawyers use the materials in articles published on ILW.com and elsewhere.

This case is similar to other cases, where a "public benefit" was found:

The Eastern District of Virginia found a public benefit in *Jarno v. DHS,* 365 F. Supp. 2d 733, 739 (E.D. VA 2005), where the plaintiff asylum seeker sought unspecified documents "relating to his detention" and "for use in his Immigration Court proceedings."   The court found that the disclosure worked to "preserve the integrity of Immigration Court proceedings," and it "shed light on the immigration policies of this country."   *Id.*   at 738-39.   Jarno's success "contributed to the legitimacy of the

immigration and political asylum process…helps protect the public's interest in the fair and just administration of justice." *Id.*

Attorney fees were awarded in *Hernandez v. U.S. Customs and Border Protection,*2012 WL 398328 (E.D. La. 2012).  Hernandez was a day laborer, arrested at a gas station.  He sought information to ensure he was afforded a full and fair hearing at his deportation hearing,   which was certainly a private interest. However, the court found there was a public interest, in that the community in New Orleans was interested in how day laborers were treated.  The court found that the information will increase public awareness of the above issues, "as well as facilitate public oversight of CBP's enforcement of federal immigration law."  *Id.* at *9.  The court also found that the "release of these documents is essential to facilitate the much needed community monitoring and oversight of actions by the UD CBP." *Id.* at 9, note 14.

> *B and C. The commercial benefit and Plaintiffs' interest in the records sought*

These factors "favor non-profit organizations . . . which 'aim to ferret out and make public worthwhile, previously unknown government information – precisely the activity that FOIA's fees provision seeks to promote.'"  *EPIC v. DHS,* 999 F. Supp. 2d 61, 69 (D.D.C. 2013), quoting *Davy II,* 550 F.3d at 1160.

The plaintiff is a nonprofit.  Previously unknown government information has been disclosed. These factors weigh in favor of an award of fees.

> *D. The government's opposition was not reasonable*

DHS did nothing until after the Complaint was filed. DHS offers no justification for its inaction. After the Complaint was filed, DHS dragged its feet and misconstrued plaintiff's request. This factor weighs in favor of an award of fees.

As the D.C. Circuit has explained, the fourth factor is meant to "incentiviz[e] the government to promptly turn over – before litigation is required – any documents that it ought not withhold." *Davy v. CIA,* 550 F.3d 1155,at 1166 (Tatel, J., concurring)(D.C.Cir. 2008). *Accord: Negley v. FBI,* 818 F. Supp. 2d 69, 75 (D.D.C. 2011) (finding defendant's failure to demonstrate it had reasonable basis for refusing to release documents and conduct certain searches "'was exactly the kind of behavior the fee provision was enacted to combat.")

*Considering all four factors together*

Considering all four of the factors listed above, together, the Court should award fees.

## IV. COUNSEL FOR PLAINTIFF SPENT A REASONABLE NUMBER OF HOURS ON THIS CASE

As set forth in Exhibit C, attached hereto, counsel for plaintiff spent 269 hours on this case, from April 2020 through November 1, 2022.

Lawyers are not likely to spend unnecessary time on cases where the payoff is too uncertain. "By and large, the Court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v City of Sacramento,* 534 F.3d 1106, 1112 (9th Cir. 2008) (non-FOIA case). In a FOIA case, a court in Missouri quoted that sentence from *Moreno* with approval: *Sheppard v. United States Department of Justice,* 2022 WL 245480, at *2 (W.D.Mo., Jan. 25, 2022).

Once a plaintiff substantiates his request, the burden shifts to the defendant to rebut the presumption of reasonableness with specific evidence. *Covington v. Dist. of Columbia,* 57 F.3d 1101, 1109–10 (D.C. Cir. 1995)

**A. Exercising billing judgment, plaintiff voluntarily reduces its claimed hours by five percent.**

Exercising billing judgment, plaintiff has voluntarily reduced its claimed hours by five percent. Plaintiff's counsel spent 269 hours; 5% of that is 13.45 hours. Plaintiff therefore reduces the claimed hours to 255.55 hours. This is reflected on Exhibit C.

**B. Plaintiff did not prevail on all arguments; therefore its claimed hours should be reduced by 20%.**

In *Hensley v. Eckerhart,* 461 U.S. 424, 435, note 11, (1983), a civil rights case, the Court stated: "Nor is it necessarily significant that a prevailing plaintiff did not receive all relief requested."  A court in Missouri, in a FOIA case, cited that sentence and did not reduce plaintiff's hours by 269.4, even though the agency had prevailed against plaintiff on many of the documents. *Sheppard v. United States Department of Justice*, 2022 WL 245480, at *12 (W.D.Mo., 2022). In that case, the plaintiff challenged 80 documents, and the Court ordered 58 produced, a success rate of 72.5%. *Id.*

Nevertheless, plaintiff's arguments concerning the work product doctrine and Exemption (b)(7)(E) were rejected by the Court. Therefore, plaintiff's claimed hours should be reduced by 20%.

20% of 255.55 hours is 51.11 hours. Therefore, the plaintiff claims 204.44 hours.

In *Jud. Watch, Inc. v. DOJ*, 774 F. Supp. 2d 225, 233 (D.D.C. 2011), the agency suggested a 50% reduction in the lodestar, because the requester obtained less than one quarter of the documents it originally sought. The Court rejected that argument, because "FOIA cases routinely result in the disclosure of a relatively small proportion of the documents originally requested." The Court also noted, that "a FOIA plaintiff cannot

know at the outset which documents are subject to exemptions and which are not, the

normal FOIA litigation process requires the plaintiff to request a broad swath of material,

which will then be *234 winnowed until the agency has released all nonexempt records.

*Id.* at 233-34. The Court reduced plaintiff's lodestar claim by zero.

## V. THE LSI MATRIX IS BETTER THAN THE FITZPATRICK MATRIX

The LSI Matrix is attached hereto. *See* Exhibit D, attached hereto [LSI Laffey

matrix].

"District of Columbia courts generally accept the Matrix from *Laffey v. Northwest

Airlines, Inc.*, 746 F.2d 4, 16 (D.C. Cir. 1984), in its updated form, as an accurate

reflection of reasonable hourly rates of comparable attorneys in the District." *Doe I*, 2022

WL 1124902, at *3 (D.D.C. Apr. 14, 2022). *Ray v. CLH New York Ave, LLC*, 2022 WL

2340708, at *5 (D.D.C., June 29, 2022)(non-FOIA case).

"Here, recent fee awards strongly support use of the LSI *Laffey* Matrix. " *U.F. v.

District of Columbia*, 2020 WL 4673418, at *6 (D.D.C.,Aug. 12, 2020). *Accord: Thomas

v. Moreland*, 2022 WL 2671272, at *5 (D.D.C.,March 4,  2022).

The Department of Justice did not challenge the use of the LSI-Laffey Matrix

rates, but rather accepted those rates as "reasonable" in  *American Oversight v. U.S.

Department of Justice,* 375 F. Supp. 3d 50, 70 (D.D.C. 2019)

In *Mattachine Soc'y of Wash. v. United States DOJ,* 406 F. Supp. 3d 64 (D.D.C.

2019), the Court found that the LSI Matrix was better than the USAO Matrix. In that

case, the plaintiff sought documents concerning an Order signed by President

Eisenhower, some decades ago. Plaintiff presented evidence of the McDermott law firm's

billing rates for 2016: the four partners that worked on this case billed at an average of

$768 per hour, during that year. *Id.* at 70. The Court held that the fees requested were reasonable, even though eight attorneys worked on the case.

The Court in *Mattachine* ruled that the Laffey Matrix was better than the USAO Matrix, noting that the DC Circuit criticized the USAO Matrix in *DL v. District of Columbia,* 924 F.3d 585, 592 (D.C.Cir. 2019).

To be sure, some courts have declined to use the Laffey Matrix. *WP Company LLC v. U.S. Small Business Administration*, 514 F.Supp.3d 267, 276 (D.D.C., 2021). *Gatore v. DHS,* 286 F. Supp. 3d 25,37 (D.D.C. 2017)(RBW). However, the judge in the *Gatore* case changed course, and did use the LSI Matrix, in *True the Vote, Inc. v IRS,* (RBW) 2020 WL 5656694, at *8-9 (D.D.C. Sept. 23, 2020).

*The LSI matrix is lower than rates charged by other lawyers*

Neil Katyal charges $2,465 per hour for bankruptcy work, and Eric Holder is billing an Oregon university $2,295 per hour to conduct a workplace culture investigation. *See* Reuters article dated May 24, 2022.

https://www.reuters.com/legal/litigation/jj-bankruptcy-trustee-balks-neal-katyals-2465-hourly-rate-2022-05-23/

David Boies, Esq., charged $1,950 per hour, in *Brown v. Google,* Case No. 20-cv-3664 (N. D. Cal., ECF #597-1, June 3, 2022)(sanctions for discovery misconduct)(motion requested $980,000 in fees). The Court awarded fees of $904,000. ECF # 631, filed July 15, 2022.

Anna J. Hrom's hourly rate at Williams & Connolly LLP is customarily "much higher" than those reflected in the LSI Laffey Matrix. *Thomas v. Moreland*, 2022 WL 2671272, note 5, at *6 (D.D.C., March 4,2022)

Nearly seven years ago, the *ABAJournal* published a story on February 8, 2016 entitled, "Top partner billing rates at BigLaw firms approach $1,500 per hour. *Bankruptcy Beat* published an article on February 8, 2016 stating that many bankruptcy lawyers "billed between $1,200 and $1,300 per hour."

Exhibit C shows that plaintiff's counsel claims 204.44 hours were reasonably spent. Exhibit D shows that for a person of plaintiff's counsel's experience, a rate of $997 is appropriate. $997 x 204..44 hours = $203,228.

*Plaintiff is entitled to recover "fees on fees."*

Plaintiff is entitled to recover fees on fees for the time spent litigating the fee issue against the DHS.  It is a common practice in this jurisdiction to award fees on fees in FOIA cases. "It is settled in this circuit that hours reasonably devoted to a request for fees are compensable," *Jud. Watch, Inc. v. U.S. Dep't of Just.*, 878 F. Supp. 2d 225, 239 (D.D.C. 2012)

Exhibit C shows that plaintiff's counsel claims 19.7 hours were reasonably spent on the fee motion. Exhibit D shows that for a person of plaintiff's counsel's experience, a rate of $997 is appropriate. $997 x 19.7 hours = $19,640.

*There is a strong presumption that plaintiff's lodestar figure represents a reasonable fee*

"[T]here is a 'strong presumption' that the lodestar figure is reasonable." *Perdue v. Kenny A. ex rel Winn,* 559 U.S. 542, 554 (2010).   A reasonable attorney's fee award is determined by calculating the "lodestar" amount, which is the number of hours reasonably worked multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  As stated in *Doe I v. Exxon Mobile Corporation*, 2022 WL 1124902, at *2 (D.D.C., April 14, 2022)(a non-FOIA case):

A strong presumption exists that the product of these two variables—the 'lodestar figure'—represents a 'reasonable fee.' *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)."

This case is in court because the agency ignored statutory deadlines and stonewalled the requests of the plaintiff. The agency has forced the court to spend a great deal of time on this case. In *EPIC v. DHS,* 999 F. Supp. 2d 61, 75 (D.D.C. 2013), the Court quoted a member of Congress: "You shouldn't stonewall FOIA requests. You should comply with them within the deadlines. No entity should be required to file a lawsuit." The Court also quoted a California court: "Reminding the Court of the waste of resources engendered by Defendant's failure to comply with its obligations hardly persuades the Court to reduce the fee award."

CONCLUSION

The agency will no doubt complain that the requested fees should be reduced. But the problem the agency now faces could have been avoided: give the requester what it wanted, before a lawsuit was filed.    Plaintiff should be awarded fees as requested and costs of $402.


Respectfully submitted,
/s/ *David L. Cleveland*
David L. Cleveland
Attorney for plaintiff
DC Bar # 424209
1220 L Street NW #100
Washington, DC 20005
[202] 812-8684    1949.david@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LOUISE TRAUMA CENTER LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-1128 (TNM) |
| | ) | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | ) | |
| | ) | |
| Defendant | ) | |

**PROPOSED ORDER**

Upon consideration of plaintiff's Motion for an Award of fees and costs, and of any opposition thereto, it is hereby

ORDERED: the motion is granted.

Date: _____

_____
U.S. District Judge