# EXHIBIT B

# Declaration of David L. Cleveland about attorney fees
# April 2020-November 2022

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUISE TRAUMA CENTER LLC )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF HOMELAND SECURITY, )<br>        Defendant, )<br>) | Civil Action No. 20-cv-1128 [TNM] |

### DECLARATION OF DAVID L. CLEVELAND

I, David L. Cleveland, pursuant to 28 U.S. C. § 1746, declare under penalty of perjury:

1. I am an attorney licensed to practice in the District of Columbia, and I am Counsel for plaintiff. I am a volunteer attorney for the Louise Trauma Center LLC and for others.

2. I graduated from Case Western Reserve University Law School in 1975. I was a *Vista* volunteer with the Legal Aid Society of Cleveland from 1975-78. I was a self-employed attorney from 1978-1986.

3. I was awarded attorney fees at the rate of $60 per hour in *Cerjan v. Fasula,* 539 F. Supp. 1226, 1236 (N.D. Oh. 1981), a civil rights case brought under 42 U.S. C. § 1983.

4. I lived in Indonesia from 1987-89, where I was an instructor in International Law at Nommensen University.

5. From 1990-1998, I was an Assistant Corporation Counsel, representing the District of Columbia in civil lawsuits. I conducted over 40 jury trials in the Superior

Court and the District Court for the District of Columbia. In 60% of my trials, when I represented the defendant, the plaintiff took nothing.

6. I "retired" in 1998 and became a full-time volunteer at Catholic Charities of Washington. I worked there until 2020.

I spent two thirds of my time there on asylum cases. These kinds of cases are litigated at the Arlington Asylum Office, the Immigration Court of Arlington VA and Baltimore MD, the Board of Immigration Appeals, and the Fourth Circuit Court of Appeals.

I have published numerous articles about asylum for the American Immigration Lawyers Association, Bender's Immigration Bulletin, and at ILW.com.

7. I was the plaintiff in *Cleveland v. DOS,* Case No. 13-563 (D.D. C. 2013) where I sought documents from the Department of State. That case was settled within one week of filing, after the DOS furnished some documents. No attorney fees were awarded.

8. I argued *Anguimate v. DHS,* 918 F. Supp. 2d 13 (D.D.C. 2013, Judge Walton) without success. In that case, I requested the Assessment of the asylum officer. The DHS argued it was exempt from disclosure under the "deliberative process privilege." While the case was pending before Judge Walton, asylum was granted to Ms. Anguimate by the Arlington Immigration Court. Judge Walton then declared the case to be moot. He also ruled that the Assessment was not a "final" document, hence it was privileged. I worked for dozens and dozens of hours on that case and was paid nothing.

9. I was awarded fees of $568 per hour, in *Abtew v. DHS,* on March 31, 2016, an immigration-FOIA case [cited in *Gatore v. DHS,* 286 F. Supp. 3d 25, 46 (D.D.C. 2017).

10. I prevailed in *Bayala v. DHS,* 827 F.3d 31 (D.C. Cir. 2016) [district court decision reversed and remanded]

11. I was awarded fees of $581 per hour, for work done before June 2017, in *Gatore v. DHS,* 286 F. Supp. 3d 25, 52 (D.D.C. 2018)

12. From 2020 to the present, I have been a volunteer lawyer for the Louise Trauma Center LLC.

*The Asylumist* published an article about me, FOIA, and asylum office documents on April 16, 2020. https://www.lexblog.com/site/the-asylumist/

Paul J. Schmidt, former Chair of the Board of Immigration Appeals, and former immigration judge, re-published *The Asylumist* article about me, FOIA, and asylum office documents on April 16, 2020, and added a few comments of his own.

https://immigrationcourtside.com/category/paul-wickham-schmidt/page/2/

The Schmidt article states:

"More generally, Immigration Judges are very interested in what Asylum Officers do and write. In a case decided in 2019, the phrase "Asylum Officer" is used 32 times. *Qiu v. Barr,* 944 F.3d 837 (9th Cir. 2019). In a 2018 case, the phrase "Asylum Officer" is mentioned 57 times, and "notes" (referring to the Officer's notes from the asylum interview) was mentioned several times. *Dai v. Sessions,* 884 F.3d 858 (9th Cir. 2018). In another case, from 2014, an Asylum Officer named "Kuriakose" is mentioned 15 times. *Li v. Holder,* 745 F.3d 336 (8th Cir. 2014).

13. I secured the vacation of a district court opinion, in *Kapende v. DHS,* 2020 WL 2610873 (D.C. Cir. April 17, 2020)

14. I secured a remand to the district court in *Emuwa v. U.S. DHS,* 2021 WL 8875652 (D.C.Cir. November 12, 2021)

15. On January 20, 2023, I will be the discussion leader on a panel about federal litigation, at the Mid-Winter Conference of the American Immigration Lawyers Association, in San Juan, Puerto Rico.

16. I graduated from law school more than 35 years ago; therefore, I request that the court award me fees at the *LSI Laffey* rate. For the time period ending on May 31, 2023, the rate is $997 per hour. *See* Exhibit D, attached hereto.

17. I recorded time contemporaneously by the minute. I have carefully reviewed my time entries in order to exercise appropriate billing judgment. I have not sought compensation for any of my time that was unproductive or that would not be billed by me to a paying client. Attached as Exhibit C is a true and correct copy of the hours I have actually and necessarily spent on this litigation during the relevant time period.

I declare under penalty of perjury under the laws of the District of Columbia that foregoing is true and accurate.  Dated: November 21, 2022.

Respectfully submitted,

/s/ David L. Cleveland
DAVID L. CLEVELAND
DC Bar # 424209